IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

WILLIE ALBERT SMITH,

    Plaintiff,
v.                                                  CASE NO. 5:16-cv-350-MP-GRJ

JULIE JONES, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Willie Albert Smith, DOC #040330, an inmate presently confined at Gulf Correctional Institution, initiated this case by filing a *pro se* Complaint pursuant to 42 U.S.C. § 1983 and seeks leave to proceed as a pauper. ECF Nos. 1, 2. Plaintiff concedes that he is subject to the 28 U.S.C. § 1915(g) three-strikes bar, but contends that he is entitled to proceed as a pauper in this case pursuant to the "imminent danger" exception. For the following reasons, the undersigned recommends that this case be dismissed pursuant to the three-strikes bar and for failure to exhaust administrative remedies before filing.

The Prison Litigation Reform Act amended 28 U.S.C. § 1915 by adding the following subsection:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

A review of the Court's PACER case locator confirms that Plaintiff is subject to the three-strikes bar. *See, e.g., Smith v. Mercer*, Case No. 3:14-cv-1156-TJC-PDB (M.D. Fla. 9/25/14) (dismissing case pursuant to three-strikes bar and noting Plaintiff's extensive filing history). Because Plaintiff is subject to the three-strikes bar, he is barred from proceeding as a pauper in a civil action unless he is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The relevant inquiry is "whether [the] complaint, as a whole, alleges imminent danger of serious physical injury." *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004). General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g). *See Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003).

The Plaintiff must make "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury," *id.,* and vague allegations of harm and unspecific references to injury are insufficient. *White v. State of Colorado,* 157 F.3d 1226, 1231 (10th Cir. 1998). A claim by a prisoner that he faced a past imminent danger is insufficient to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception. *Medberry v. Butler,* 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that exception not triggered where threat of assault by other prisoners ceased to exist when plaintiff was placed in administrative confinement prior to filing of his complaint); *see also Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (imminent danger exception is construed narrowly and available only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate.").

    Plaintiff's allegations concern disciplinary reports he has received for possession of contraband and filing frivolous lawsuits, and for alleged interference with his pre-dialysis diet. Plaintiff also alleges that he has been verbally threatened and harassed by prison staff. Although the Complaint was filed with the Court on December 27, 2016, Plaintiff signed

it on October 24, 2016, and the Complaint asserts that the interference with his diet was occurring as of October 4, 2016. ECF No. 1 at 12, 13.

Liberally construed, the Complaint as a whole does not allege facts that suggest that Plaintiff is in imminent danger of serious physical injury. Plaintiff prepared the Complaint two months before he filed it, and the Court therefore cannot conclude that Plaintiff currently faces a "real and proximate" threat of harm from the Defendants. *See Lewis*, 279 F.3d at 531. The Complaint also suffers from the improper misjoinder of claims and defendants. Because Plaintiff does not satisfy the "imminent danger" exception as to any of his claims, amendment to eliminate misjoined claims would be futile.

Accordingly, the Court concludes that Plaintiff is barred by the three-strikes provision of 28 U.S.C. § 1915(g) from bringing this case as a pauper. A prisoner who is no longer entitled to proceed in forma pauperis must pay the filing fee at the time he initiates the suit, and failure to do so warrants dismissal without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

In light of the foregoing, it is respectfully **RECOMMENDED** that leave to proceed as a pauper (ECF No. 2) should be **DENIED,** that this case

should be **DISMISSED WITHOUT PREJUDICE** pursuant to the 28 U.S.C § 1915(g) three-strikes bar.

**IN CHAMBERS** this 5th day of January 2017.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**